# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID HOPKINS PLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00498 |
| ) | Judge Crenshaw / Frensley |
| CORE CIVIC ADMINISTRATIVE ) | |
| HEADQUARTERS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Plaintiff's Motion for Summary Judgment. Docket No. 47.[1]

Defendants Greer and Washburn have filed a Response in opposition to Plaintiff's Motion, arguing that Plaintiff's Motion fails to comply with the Federal and Local Rules and that the actual evidence before the Court establishes that Defendants did not violate Plaintiff's First or Eighth Amendment rights. Docket No. 50. In support of their Response, Defendants Greer and Washburn have submitted their Declarations. Docket Nos. 51, 52. Defendants Greer and Washburn also incorporate by reference the Response they submitted to Plaintiff's previously-filed Motion. Docket No. 31.

Defendant Brun has filed a separate Response in opposition to Plaintiff's Motion, arguing that Plaintiff's Motion fails to comply with the Federal and Local Rules. Docket No. 53.

---

[1] Plaintiff has not filed the requisite supporting Memorandum of Law or Statement of Undisputed Facts, nor has Plaintiff filed any other submissions in a form required by Fed. R. Civ. P. 56 or the Local Rules.

Specifically, Defendant Brun argues that Plaintiff's Motion is deficient because: (1) it contains "a stream of consciousness statement of law and facts"; (2) such "facts" "are scattered throughout the motion"; (3) the Motion "fails to cite to any evidence in the record in support of any stated fact"; and (4) Plaintiff has failed to file a Statement of Undisputed Material Facts, in derogation of LR 56.01. *Id.*

For the reasons set forth below, the undersigned finds that Plaintiff has failed to comply with Fed. R. Civ. P. 56 and Local Rule 56.01 such that Plaintiff's Motion for Summary Judgment should be DENIED.

## II. Facts

### A. Declaration of Tara Greer

Defendant Greer is an employee of CoreCivic of Tennessee, LLC ("CoreCivic") who works as a Case Manager at the Trousdale Turner Correctional Center. Docket No. 51, Declaration of Tara Greer ("Greer Dec."), ¶ 1. Defendant Greer does not recall Plaintiff's protective custody hearing and she does not recall an inmate requesting medical treatment during a protective custody hearing. *Id.*, ¶ 3. If an inmate did request medical treatment during a protective custody hearing, particularly for something like broken ribs and difficulty breathing, Defendant Greer would help the inmate to secure necessary medical treatment and would not ignore the inmate's medical needs. *Id.*

### B. Declaration of Russell Washburn

Defendant Washburn is an employee of CoreCivic who works as the Warden at Trousdale Turner Correctional Center. Docket No. 52, Declaration of Russell Washburn ("Washburn Dec."), ¶ 1. Defendant Washburn did not refuse to separate Plaintiff and another inmate who

was harassing Plaintiff in retaliation for Plaintiff's allegedly reporting gang operations and seeking protection from allegedly unsafe living conditions. *Id.*, ¶ 3.

### III. Law and Analysis

**A. Motion for Summary Judgment**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual assertions as follows:

> **(c) Procedures.**
> **(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents,

> electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

### B. Local Rule 56.01(b)

With respect to the requirement to file a Statement of Undisputed Material Facts with Motions for Summary Judgment specifically, Local Rule 56.01(b) provides in relevant part as follows:

> **(b) Statement of Undisputed Material Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact must be set forth in a separate, numbered paragraph, the word "response" must be inserted and a blank space provided that is reasonably calculated to allow the non-moving party sufficient space to respond to the assertion that the fact is undisputed. . . . The requirement that a statement of undisputed material facts in the described formal must accompany any motion for summary judgment applies to *pro se* parties. . . .

### C. The Case at Bar

Plaintiff's Motion for Summary Judgment is a rambling 36 page document that utterly fails to comply with Fed. R. Civ. P. 56(c)(1) or Local Rule 56.01(b). Plaintiff's Motion has no supporting Memorandum of Law and fails to cite to the record. Additionally, Plaintiff has failed to file a Statement of Undisputed Material Facts. Plaintiff's status as *pro se* does not excuse him from complying with the Federal and Local Rules.

Plaintiff's Motion fails to establish that there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 47) should be DENIED.

## IV. Conclusion

For the foregoing reasons, the undersigned finds that Plaintiff has failed to comply with the Federal and Local Rules and has further failed to establish that there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket No. 47) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                            JEFFERY S. FRENSLEY
                                            United States Magistrate Judge